**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KEYRON ALI PARRA DAZA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-5386 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is Petitioner Keyron Ali Parra Daza's motion for attorneys' fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 11).

2. Petitioner is a citizen of Venezuela, who entered the United States on or about September 7, 2017 without proper work authorization or documentation. (ECF No. 6 at 1).

3. He was detained by the Border Patrol before being paroled pending a credible fear interview. (ECF No. 6-1 at 2).

4. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on May 4, 2026. (ECF No. 1 ¶ 2).

5. On May 20, 2026, this Court granted Petitioner's habeas corpus petition after concluding that Petitioner was being unlawfully detained under 8 U.S.C. § 1225 because he was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226. (ECF No. 8 ¶ 9). Respondents were ordered to release Petitioner. (*Id.* ¶ 12).

6. Petitioner filed a motion for attorneys' fees under the EAJA on July 4, 2026. (ECF No. 11).

7. On August 28, 2026, the Third Circuit issued a precedential opinion concluding that noncitizens who were arrested and detained in the interior of the country were subject discretionary detention pursuant to § 1226(a), not mandatory detention pursuant to § 1225(b). *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, __ F.4th __, 2026 WL 2546223, *5 (3d Cir. Aug. 28, 2026)

8. Respondents oppose the Motion. (ECF No. 16).

9. The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026), *petition for cert. filed*, No. 26-145 (U.S. July 30, 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)).

10. In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. §2241 are civil actions." *Id.* at 425. This Court granted Petitioner's habeas petition; therefore, Petitioner is a prevailing party in a civil action against the United States.

11. Respondents now bear the burden of proving their position was justified. *Id.* at 433.

12. Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

13. "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

14. "[I]n immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

15. Significantly, courts may "not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433.

16. This Court concludes that Respondents' pre-litigation conduct of holding Petitioner without bond was substantially justified for purposes of the EAJA.

17. Section 1225 provides in relevant part that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

18. On September 5, 2025, the Board of Immigration Appeals ("BIA") adopted Respondents' argument and held that immigration courts could not conduct bond hearings for noncitizens who were detained pursuant to § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

19. ICE detained Petitioner on May 4, 2026. (ECF No. 1 ¶ 2). The Third Circuit's *Buele Morocho* decision had not been issued yet, so Respondents did no more than follow a binding administrative decision in continuing to detain Petitioner. "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19-cv-5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following administrative precedent).

20. Accordingly, this Court concludes the underlying agency action was reasonable for purposes of the EAJA.

21. This Court further concludes Respondents' position before this Court during the habeas proceedings was reasonable for EAJA purposes.

22. There was no precedential decision from the Third Circuit at that time, and at least two courts of appeals agreed with Respondents' interpretation of § 1225(b). *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

23. "Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an 'objective indicia' of substantial justification." *Gjergj G.*, 2019 WL 3245104, at *2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

24. The law in the Third Circuit is now clear; noncitizens who are detained by immigration officials in the interior of the country after living here for years may not be detained

pursuant to § 1225(b)(2). *Buele Morocho*, 2026 WL 2546223 at *5. This was not the case during Petitioner's habeas proceedings, however.

25. "When the issue is a novel one with little to no precedent, courts have been hesitant to find the government's position not substantially justified." *Michel*, 68 F.4th at 78.

26. Therefore, this Court will deny the Motion.

27. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 22, 2026